STATE OF NORTH CAROLINA v. RONALD LEWIS CUTHRELL

STATE OF NORTH CAROLINA v. WILLIAM ERNEST CUTHRELL

No. 832SC838

(Filed 21 February 1984)

**Criminal Law § 26— new trial after prejudicial evidence admitted—no former jeopardy**

The trial court properly denied defendants' motions to dismiss based on former jeopardy where in the first trial on the same offense, a witness gave prejudicial testimony which was unsolicited and the trial judge properly sustained defendants' objection and instructed the jury not to consider that portion of the answer, and where, in granting defendants' motion for a new trial, the trial judge found as a fact that the testimony was not intentional on the part of the State's witness.

APPEAL by defendants from *Allsbrook* and *Small, Judges.* Judgments entered 11 April and 9 May 1983 in Superior Court, TYRRELL County. Heard in the Court of Appeals 9 February 1984.

Both defendants were charged with attempting to take deer with the aid of an artificial light in violation of G.S. 113-294(e). Defendant Ronald Lewis Cuthrell was additionally charged with carrying a concealed weapon in violation of G.S. 14-269.

The cases were heard *de novo* on appeal from District Court. At trial in Superior Court on 11 April 1983, Homer Robbins, a sergeant with the Enforcement Division of the Wildlife Resources, testified for the State. On cross-examination the following colloquy took place:

Q. You are acquainted, are you not, that both Ronald Cuthrell and Ernie Cuthrell are hunters?

A. Yes, sir. Very well.

Q. They . . . they spend a good part of deer hunting season hunting deer, do they not?

A. Yes, sir. In fact, I receive more illegal hunting reports from them two than anybody else in the two counties I work.

Objection by defense counsel was sustained, and the jury directed not to consider the last response in any way. Thereafter

defendants moved for a mistrial. The trial judge then made the following order: "It appearing to the Court that testimony elicited on cross-examination by State's witness resulted in substantial and irreparable prejudice to the defendants' cases, and that said testimony, although not intentional on the part of the State's witness nevertheless in the Court's opinion was not elicited by the defendant's attorney." The court thereupon withdrew a juror, declared a mistrial, and returned the case for trial. When both cases were called for trial on 9 May 1983, defendants' motions to dismiss based on double jeopardy were denied. Defendants appeal.

*Attorney General Rufus L. Edmisten by Associate Attorney General Barbara Peters Riley for the State.*

*Gaskins, McMullan & Gaskins, P.A., by Herman E. Gaskins, Jr. for defendant appellants.*

HILL, Judge.

The sole question before the court is whether the trial court committed prejudicial and reversible error in overruling and denying the defendants' motions to dismiss based on former jeopardy. We conclude no error was committed and affirm the decision of the trial judge.

Defendants contend that the testimony of Officer Robbins was given in bad faith or undertaken to harass or prejudice the defendants, and as such constitutes an exception to the rule that a defendant's motion for or consent to a mistrial removes any double jeopardy bar to reprosecution. See *Lee v. United States,* 432 U.S. 23, 53 L.Ed. 2d 80, 97 S.Ct. 2141 (1977). We disagree. The record reveals no misconduct by the judge or the prosecutor to provoke defendants' motion for mistrial. Officer Robbins answered the question of defense counsel properly, but then proceeded to testify to an altogether immaterial and irrelevant matter. The trial judge promptly sustained defendants' objection and instructed the jury not to consider that portion of the answer. In granting defendants' motion for a new trial, the trial judge found as a fact that the testimony was not intentional on the part of the State's witness. The trial judge had an opportunity to observe the witness through the trial and found his demeanor free of bad faith. "[W]here circumstances develop not attributable to prosecu-

torial or judicial overreaching, a motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution." *United States v. Jorn*, 400 U.S. 470, 485, 27 L.Ed. 2d 543, 556, 91 S.Ct. 547, 557 (1971).

As Justice Stevens pointed out in his concurring opinion in *Oregon v. Kennedy*, 456 U.S. 667, 690, 72 L.Ed. 2d 416, 434, 102 S.Ct. 2083, 2097 (1982), ". . . only in a rare and compelling case will a mistrial declared at the request of the defendant or with his consent bar a retrial." Such a case is not now before this court.

The decision of the trial judge is affirmed, and the cause is remanded for further proceedings.

Judges HEDRICK and EAGLES concur.